DLD-142                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1218
_____

IN RE: MICHAEL J. PENDLETON,
                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. 3-16-cv-00258)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 23, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed:  March 6, 2017)
_____

OPINION*
_____

PER CURIAM

      Pro se petitioner Michael J. Pendleton has filed a petition for a writ of mandamus

requesting that we compel the District Court to "correctly dispose of" a 28 U.S.C. § 2241

petition, such that Pendleton would be immediately released from custody based upon

actual innocence.  For the reasons set forth below, we will deny Pendleton's mandamus

petition.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pendleton was sentenced to life and 10 to 20 years (to run concurrently) for second degree murder and conspiracy by the Pennsylvania Court of Common Pleas on May 4, 1999. He filed a § 2254 habeas corpus petition in the District Court in October 2002. That petition and a certificate of appealability were denied by the District Court in November 2003. A certificate of appealability was then denied by this Court in June 2004. See C.A. No. 03-4792. Pendleton then filed a request for leave to file a second or successive habeas petition (containing his argument based on the Allegheny County Coroner's Office). We denied that request in November 2010. See C.A. No. 10-4072.

Pendleton filed a § 2241 habeas corpus petition in the District Court in December 2016. On January 12, 2017, the District Court dismissed the petition without prejudice to Pendleton applying directly to the Court of Appeals for authorization under 28 U.S.C. § 2244(b)(3) to file a successive § 2254 petition for writ of habeas corpus. On January 23, 2017, Pendleton filed a Motion to Alter or Amend the [January 12] Judgment Pursuant to Rule 59(e).[1] On January 27, 2017, Pendleton filed the instant mandamus petition.

We have the power to issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). However, a writ of mandamus should be issued only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d

372, 378 (3d Cir. 2005). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. In re Kensington, 353 F.3d at 219. Put simply, "[i]f, in effect, an appeal will lie, mandamus will not." Id.

Here, Pendleton can challenge the dismissal by the District Court of his § 2241 petition by appeal to this Court. As such, he has other adequate means of relief and is not entitled to a writ of mandamus. Accordingly, we will deny Pendleton's mandamus petition. In light of our disposition, Pendleton's Motion for Release on Bail Pending Review and his Motion for Immediate Hearing are denied as moot.

---

[1]This timely motion remains pending in the District Court.